IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pointe James Property Owners Association, Inc., | ) ) ) C.A. No. 2:10-00917-MBS ) ) ) ) **ORDER AND OPINION** ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| Arch Specialty Insurance Company, Mt. Hawley Insurance Company, and American International Specialty Lines Insurance Co., | |
| Defendants. | |

## BACKGROUND

Plaintiff Pointe James Property Owners Association, Inc., ("Plaintiff") filed the within action in the Court of Common Pleas for the County of Charleston, South Carolina on April 9, 2009 against Defendants Arch Specialty Insurance Company ("Arch"); Mt. Hawley Insurance Company ("Hawley"); Spectrum Properties; JMG Realty, Inc.; All-Tex Roofing Inc.; and Paradise Pools Construction, Inc. Defendants Hawley and Arch were served on April 13, 2009. On April 7, 2010, Plaintiff filed an amended complaint removing Spectrum Properties, JMG Realty, Inc., All-Tex Roofing Inc., and Paradise Pools Construction, Inc. as defendants, and adding American Insurance Specialty Lines Insurance Co. as a defendant. Plaintiff seeks a declaratory judgment that Defendants are liable for the judgment obtained by Plaintiff against Pointe James Lodgings, LLC, an insured of Defendants. Arch removed this case on April 13, 2010 following the filing of Plaintiff's amended complaint, based upon alleged diversity of citizenship.

This matter is before the court on Plaintiff's motion to remand, which was filed on April 23,

2010. On May 5, 2010, Hawley filed its reply to the order concerning removal, in which it agreed with Plaintiff that the case should be remanded to state court. On May 5, 2010, Arch filed its reply to the order concerning removal, also indicating that it agrees with Plaintiff that this matter should be remanded. On May 21, 2010, the court entered an order staying the case pending the resolution of the Plaintiff's motion to remand.

## FACTS

In its amended complaint, Plaintiff alleges that Defendants are insurers for Pointe James Lodgings, LLC. As such, the Plaintiff alleges that Defendants are liable to satisfy a judgment obtained by Plaintiff through a settlement with Pointe James Lodgings, LLC. Defendants admit that Point James Lodgings, LLC is an insured, but deny insurance policy coverage for the underlying judgment.

## DISCUSSION

The issue before the court is whether the Defendant's removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 was timely. Title 28, United States Code, Section 1332(a) provides that district courts have original jurisdiction of civil actions where the amount in controversy exceed $75,000 and there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). Section 1441 provides that civil actions not based upon a federal question are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. Title 28, United States Code, Section 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that*

> *a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

*Id.* (emphasis added). Therefore, once a case becomes removable, a party may file a notice of removal within thirty days, provided such notice occurs within one year of commencement of the action. *Id.* This court has previously indicated that "the terms of 28 U.S.C. § 1446(b) are to be defined by reference to state law." *Robinson v. J.F. Cleckley & Co., Inc.*, 751 F. Supp. 100, 104 (D.S.C. 1990). Rule 3(a) of the South Carolina Rules of Civil Procedure defines "commencement of an action" as:

> [W]hen the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

S.C.R. Civ. P. 3(a).

Plaintiff filed its complaint on April 9, 2009. Defendants acknowledge service on April 13, 2009, well within then 120-day statutory period. Thus, for purposes of the starting date under 28 U.S.C. § 1446(b), the one-year period began on April 9, 2009. Defendants filed their notice of removal on April 13, 2010, which was after the statutory one-year period expired. The court finds that pursuant to §1446(b), the removal of this action was untimely.

## CONCLUSION

Plaintiff's motion to remand (Entry 10) is **granted**.

**IT IS SO ORDERED.**

                                                   s/ Margaret B. Seymour
                                                   The Honorable Margaret B. Seymour
                                                   District Court Judge

Columbia, South Carolina
June 23, 2010